**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| VERONICA V., | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Case No. 23-CV-004-MTS |
| | ) |
| MARTIN O'MALLEY,[1] | ) |
| Commissioner of Social Security, | ) |
| | ) |
|       Defendant. | ) |

## OPINION AND ORDER

Plaintiff Veronica V. requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. Plaintiff appeals the decision of the Administrative Law Judge ("ALJ") and asserts the Commissioner erred because the ALJ incorrectly determined she was not disabled. For the reasons discussed below, the Court **REVERSES and REMANDS** the Commissioner's decision denying benefits.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education,

---

[1] Effective December 20, 2023, pursuant to Fed. R. Civ. P. 25(d), Martin O'Malley, Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of 42 U.S.C. § 405(g).

and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920. Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that she has a medically severe impairment or combination of impairments that significantly limit her ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.

At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that she does not retain the residual functional capacity ("RFC") to perform her past relevant work.

If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account her age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Id.* at 750.

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). A court's review is limited to two inquiries: first, whether the correct legal standards were

applied; and second, whether the decision was supported by substantial evidence. *Noreja v. Soc. Sec. Comm'r*, 952 F.3d 1172, 1177 (10th Cir. 2020) (citation omitted).  Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  The court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951).  A court, however, may not re-weigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Even if a court might have reached a different conclusion, the Commissioner's decision will stand if it is supported by substantial evidence.  *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## Background and Procedural History

On October 22, 2020, Plaintiff filed an application for Title XVI supplemental security income benefits (42 U.S.C. § 1381, *et seq.*) under the Social Security Act.  (R. 25, 243-52).  She alleged an inability to work beginning on October 1, 2010, which she later amended to October 22, 2020, due to limitations resulting from post-traumatic stress disorder ("PTSD"), severe anxiety, and irritable bowel syndrome ("IBS").  (R. 25, 257, 271).  Plaintiff was thirty years old at the time of the ALJ's decision.  (R. 32, 268).  She has a high school education and no past relevant work. (R. 32, 271-72).

Plaintiff's application was denied both initially and upon reconsideration.  (R. 25, 110-12, 116-20).  At Plaintiff's request, ALJ David R. Bruce conducted an administrative hearing on April

21, 2022. The hearing was held by teleconference pursuant to COVID-19 procedures. (R. 25, 39-68). ALJ Bruce issued a decision on May 4, 2022, denying benefits and finding Plaintiff not disabled. (R. 25-34). Plaintiff sought review by the Appeals Council, which it denied on October 25, 2022. (R. 10-16). As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 416.1481.

### Decision of the Administrative Law Judge

Following the five-step sequential process, the ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since October 22, 2020, the application date. (R. 27). At step two, he found Plaintiff suffered from severe impairments of depression and anxiety. *Id*. The ALJ determined at step three that Plaintiff's impairments did not meet or equal a listed impairment. (R. 28-29). Based upon his consideration of Plaintiff's subjective allegations, the medical evidence, and the medical source opinion evidence, the ALJ concluded that Plaintiff retained "the [RFC] to perform a full range of work at all exertional levels" with the following nonexertional limitations:

> The claimant is capable of performing simple tasks and making simple work-related decisions, with occasional interaction with co-workers and supervisors, but no contact with the public as part of the job responsibilities.

(R. 29).

At step four, the ALJ determined Plaintiff had no past relevant work. (R. 32). After consultation with a vocational expert ("VE"), the ALJ concluded at step five that Plaintiff could perform the representative jobs of laboratory equipment cleaner, laundry worker I, and vehicle cleaner, all of which he found existed in significant numbers in the national economy. (R. 33, 64-65). As a result, the ALJ found Plaintiff had not been under a disability since October 22, 2020, the date the application was filed. (R. 33-34).

**Errors Alleged for Review**

Plaintiff raises two allegations of error in her challenge to the Commissioner's denial of benefits on appeal: (1) the ALJ failed to properly consider the opinions of the state agency consultants even though he determined their opinions were persuasive, and (2) the ALJ failed to incorporate Plaintiff's moderate limitations in adapting and managing oneself in the RFC assessment. (Docket No. 20 at 6, 9-18, 23).

**Consideration of the State Agency Psychologists' Opinions**

Plaintiff asserts that although the ALJ found the medical opinions of the state agency psychologists, David Cooley, Psy.D., and Laura Lochner, Ph.D., persuasive, he failed to include certain of their limitations in the RFC assessment without explanation. Plaintiff's first argument focuses on the ALJ's alleged failure to incorporate the reviewing psychologists' opinions limiting her to "1-2 step tasks" in the RFC assessment, and his failure to explain the reason for doing so. (Docket No. 20 at 10).

At the initial level of consideration, Dr. Cooley determined Plaintiff had a mental RFC, which included the ability "to perform simple tasks of 1-2 steps with routine supervision." (R. 83). At the reconsideration level, Dr. Lochner reviewed the evidence and seemingly adopted the same mental RFC reached by Dr. Cooley. (R. 101).

The ALJ addressed the state agency psychologists' opinions in the decision as follows:

> The state agency medical consultants at the initial and reconsideration levels opined that the claimant . . . would have limitations on the complexity of the work that she could perform, and that she would be limited in the amount of interaction with co-workers or supervisors that she could tolerate. They also opined that she should not have any contact with the public, as part of her job duties. These opinions are well-supported by the medical treatment records, and are consistent across each other. As such, they are persuasive.

(R. 32) (internal citations omitted).

Medical opinions are evaluated pursuant to 20 C.F.R. §§ 404.1520c, 416.920c. Under these rules, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s), including those from [a claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ must "articulate" in the decision how persuasive he finds each medical source's opinion by considering a list of factors. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors include: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."). 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The most important factors are supportability and consistency, and the ALJ must explain how both factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).[2]

The regulations explain that for supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 1520c(c)(1), 416.920c(c)(1). For consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical

---

[2] Generally, the ALJ is not required to explain how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ finds "that two or more medical opinions or prior administrative findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ must explain how he considered the other factors. *Id.*, §§ 404.1520c(b)(3), 416.920c(b)(3).

6

sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §§ 1520c(c)(2), 416.920c(c)(2).

Although "exact correspondence between a medical opinion and the mental RFC is not required[,]" *Wells v. Colvin*, 727 F.3d 1061, 1071 (10th Cir. 2013), "the ALJ must explain the basis for rejecting certain limitations in an opinion he finds persuasive, or the decision must sufficiently include the reasoning for doing so." *Phan v. Kijakazi*, No. CIV-23-0093-P, 2023 WL 6294191, at *4 (W.D. Okla. Sept. 27, 2023); *see also* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted.").

Here, the ALJ generally discussed the opinions of the state agency psychologists, but did not specifically acknowledge that both psychologists limited Plaintiff to "simple tasks of 1-2 steps with routine supervision." (R. 32, 83, 101). He found the opinions were "well-supported by the medical treatment records[,]" consistent with one another, and therefore "persuasive." *Id*. He provided no explanation for why he seemingly rejected the limitation to "simple tasks of 1-2 steps," ultimately including a limitation of "performing simple tasks and making simple work-related decisions" in the RFC.

The Commissioner appears to recognize a distinction between the two limitations, but instead contends the ALJ explained in other portions of the decision his rationale for not limiting Plaintiff to "simple tasks of 1-2 steps" in the RFC. (Docket No. 23 at 6). He points to the ALJ's consistency evaluation and conclusion that "[t]he treatment records do not document significant impairments of memory, understanding, and other complaints[,]" and his statement that "[w]hat impaired functioning the claimant does have is accounted for in the [RFC]." *Id*.; (R. 31). In further

7

support of the ALJ's inclusion of the lesser limitation, the Commissioner highlights medical findings from the record of Plaintiff's mental status examinations. (Docket No. 23 at 6).

The Court acknowledges that if it "can follow the adjudicator's reasoning in conducting [its] review, and can determine that correct legal standards have been applied" that "mere[] technical omissions in the ALJ's reasoning do not dictate reversal." *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). In this case, however, the Court cannot do so. First, the ALJ's decision is inconsistent. In the portion of the decision identified by the Commissioner, the ALJ indicates "[t]he treatment records do not document significant impairments of memory, understanding, or other complaints[,]" (R. 31), yet in his discussion of the state agency psychologists' opinions, he finds they "are well-supported by the medical treatment records[.]" (R. 32). Second, in the ALJ's summary of the medical evidence, there is no reference to Plaintiff's mental status examinations or any other evidence bearing on Plaintiff's memory or cognitive functioning. (R. 30-31). Such evidence may well exist in the record, but relying on medical evidence identified by the Commissioner in his briefing to supply a rationale for the ALJ's decision would constitute an improper post-hoc analysis by the Court. *See Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) ("[T]he district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself."), citing *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

Moreover, it appears the difference in limitations could affect the jobs Plaintiff can perform at step five and thus cannot be considered harmless. The ALJ presented the VE with a hypothetical question, which included the limitation "to no more than simple tasks and simple work-related decisions[.]" (R. 64). All three of the jobs identified by the VE at step five require a reasoning level of two. (R. 65); Dictionary of Occupational Titles ("DOT"), § 381.687-022 (cleaner,

8

laboratory equipment), § 361.684-014 (laundry worker I), and § 919.687-014 (cleaner II, vehicle). However, certain case law suggests a limitation to "simple tasks of 1-2 steps with routine supervision" could result in a conflict between the VE's testimony and the DOT.  *See Bryant v. Kijakazi*, No. CIV-21-1104-SLP, 2022 WL 17548585, at *4 (W.D. Okla. Aug. 25, 2022) (finding a conflict existed between reasoning level two jobs and an RFC for "simple, 1-2 step tasks"), *report and recommendation adopted*, 2022 WL 16738649 (W.D. Okla. Nov. 7, 2022); *Smith v. Kijakazi*, No. CIV-20-1035-STE, 2021 WL 6051106, at *8 (W.D. Okla. Dec. 21, 2021) (noting that "reasoning level one appears closest to the ALJ's requirement that Plaintiff be limited to 'simple tasks of 1-2 steps[,]'" but finding harmless error for including a reasoning level two job because there were other reasoning level one jobs Plaintiff could perform); *Ashley I. S. C. v. Kijakazi*, No. 22-cv-00201-SH, 2023 WL 5628598, *7-8, n.9 (N.D. Okla. Aug. 31, 2023) (declining to treat "simple, routine 'instructions'" differently from "simple, routine 'tasks'" for level two reasoning, and in rejecting arguments that "simple instructions" required jobs at a reasoning level of one, acknowledging that "level [one] refers to 'simple one-or two-step instructions,' something much more restrictive.").

For these reasons, the ALJ's error in failing to explain his rejection of the state agency psychologists' opinions limiting Plaintiff to "simple tasks of 1-2 steps with routine supervision" requires reversal.  On remand, the ALJ shall further address the opinions of the state agency psychologists and explain the evidentiary support for his RFC determination.

### The Remaining Allegations of Error

Plaintiff's remaining allegations of error include additional grounds upon which Plaintiff claims the ALJ failed to properly account for certain limitations in the RFC, *i.e.*, the ALJ improperly considered the state agency psychologists' opinions that Plaintiff could "[i]nteract

appropriately with coworkers and supervisors for incidental work purposes" and the ALJ failed to include "moderate limitations in the domain of adapting and managing oneself." (Docket No. 20 at 13-23). Because these issues regarding Plaintiff's RFC may be affected on remand, the Court declines to consider them herein. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## Conclusion

For the foregoing reasons, the ALJ's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 8th day of March, 2024.

MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT